**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Luis Tobias</u>

    v.                                  Case No. 19-cv-712-LM

<u>Robert Hazlewood, Warden,
Federal Correctional Institution,
Berlin, New Hampshire, et al.</u>

<u>REPORT AND RECOMMENDATION</u>

Luis Tobias, an inmate at the Federal Correctional Institution in Berlin, New Hampshire ("FCI Berlin"), has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. He is challenging the validity of his conviction and sentence, imposed pursuant to a federal prosecution in the United States District Court for the Middle District of Florida. The petition is before this court for preliminary review, to determine whether Tobias's claims are facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

    I.   <u>STANDARD OF REVIEW</u>

Pursuant to § 2254 Rule 4, this court is required to promptly examine any petition for habeas relief. Where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

the [court] must dismiss the petition . . . ." § 2254 Rule 4; see McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ."). When a habeas petitioner proceeds pro se, the assertions in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## II.  BACKGROUND

In 1995, Tobias was charged in the Middle District of Florida with one count of conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. A jury found him guilty of the charged offense, and he was sentenced to 480 months' imprisonment. See United States v. Tobias, No. 6:95-cr-223-ACC, ECF No. 213 (M.D. Fla. July 26, 1996). The Eleventh Circuit affirmed Tobias's conviction in 1998. See United States v. Tobias, 140 F.3d 1041 (11th Cir. 1998) (table). The Supreme Court denied his petition for a writ of certiorari. See Tobias v. United States, 525 U.S. 861 (1998).

In the ensuing years, Tobias twice sought relief in the sentencing court under 28 U.S.C. § 2255. Both of those petitions were denied. In his first § 2255 petition, Tobias asserted claims for ineffective assistance of both trial and appellate counsel, and he also argued that he had not received

2

"fair notice of the conduct that would subject him to punishment." See Tobias v. United States, 6:99-cv-01048-ACC, ECF No. 4 (M.D. Fla. Feb. 1, 2000).  The district court dismissed the action with prejudice, finding that Tobias was procedurally barred from bringing the "fair notice" claim because he had failed to raise it in his direct appeal and that his ineffective assistance claims failed on the merits.  See id.

In his second § 2255 petition, Tobias argued that his sentence was improperly enhanced, and that the indictment had failed to allege the quantity of drugs involved in the offense. See Tobias v. United States, 6:05-cv-01905-ACC-DAB, ECF No. 1 (M.D. Fla. Dec. 23, 2005).  The sentencing court dismissed the case because Tobias did not seek authorization from the court of appeals to file a second or successive § 2255 petition.  See Tobias v. United States, 6:05-cv-01905-ACC-DAB, ECF No. 2 (M.D. Fla. Jan. 18, 2006).

Four years after the denial of his second § 2255 petition, Tobias filed in the sentencing court a petition under 28 U.S.C. § 2241.  He argued that his sentence had been illegally enhanced because the judge, not the jury, made a finding concerning the quantity of drugs attributable to him.  See Tobias v. Warden, FCC Coleman-Medium, No. 5:10-CV-637-OC-10TBS, 2013 WL 4520915, at *1 (M.D. Fla. Aug. 26, 2013).  The court dismissed the action for lack of jurisdiction.  Id. at *2.  The court reasoned that

3

Tobias could not challenge his sentence under § 2241 because he failed to demonstrate that his claim fit within the narrow confines of the "savings clause" of § 2255(e). See id.

The following year, Tobias filed in the sentencing court a motion to reopen his first § 2255 petition. He argued that his ineffective-assistance-of-counsel claims had been undeveloped in the earlier proceeding due to procedural defects and that he was entitled to a resentencing under Alleyne v. United States, 570 U.S. 99 (2013). See Tobias v. United States, 6:99-cv-01048-ACC, ECF No. 6 (M.D. Fla. Dec. 10, 2014). The court characterized the motion as "an impermissible attempt to get around the Supreme Court's prohibition on filing second or successive habeas petitions." Id. at 1. Because Tobias did not demonstrate that he had obtained authorization from the court of appeals to file a successive § 2255 petition, the district court denied the motion. Id. at 2.

After Tobias's transfer to FCI Berlin, he filed the instant petition, seeking to invoke this court's jurisdiction under 28 U.S.C. § 2241. This petition, like his prior § 2255 and § 2241 petitions, challenges the validity of Tobias's conviction and sentence. Reproducing the substance of arguments he made in his prior petitions, Tobias primarily relies upon Burrage v. United States, 571 U.S. 204 (2014), in arguing that he was improperly subjected to a heightened mandatory minimum sentence. As in his

4

prior petitions, Tobias argues that he did not receive fair notice during arraignment about the nature of the charges leveled against him and that the sentencing court illegally enhanced his sentence on the basis of a judge-made rather than a jury finding concerning the quantity of drugs attributable to him in his offense of conviction.  He also argues that the sentencing court miscalculated his total offense level and criminal history category.

### III. **ANALYSIS**

Generally, challenges to a federal conviction or sentence must be brought under 28 U.S.C. § 2255 in the district where the petitioner was sentenced.  See 28 U.S.C. § 2255(a); Edwards v. Warden, FCI Berlin, No. 19-CV-1271-JD, 2020 WL 2404886, at *1 (D.N.H. May 12, 2020); Concepcion v. Hazlewood, No. 18-CV-900-LM, 2019 WL 376389, at *2 (D.N.H. Jan. 9, 2019), R. & R. approved sub nom. Concepcion v. FCI Berlin, Warden, No. 18-CV-900-LM, 2019 WL 369282 (D.N.H. Jan. 30, 2019), aff'd, No. 19-1162 (1st Cir. Aug. 29, 2019).  Before filing a second or successive § 2255 petition, a federal prisoner must first obtain authorization from the court of appeals.  Bucci v. United States, 809 F.3d 23, 25 (1st Cir. 2015).  Absent such authorization, the district court lacks jurisdiction over a second or successive § 2255 petition.  Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).

Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district of a federal prisoner's incarceration to consider a petition challenging the validity of a detention under 28 U.S.C. § 2241.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).  A defendant may seek relief under § 2241 only if relief under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  "[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such as to deny a convicted defendant any opportunity for judicial rectification."  Trenkler, 536 F.3d at 99 (internal quotation marks omitted).  "Such circumstances exist if the petitioner makes a credible allegation of actual innocence or, based on a new statutory interpretation by the Supreme Court, the petitioner is no longer guilty of the crime of conviction."  Edwards, 2020 WL 2404886, at *1; see Trenkler, 536 F.3d at 99; Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000); Concepcion, 2019 WL 376389, at *3.

On three separate occasions, the sentencing court informed Tobias that he would need to obtain authorization from the Eleventh Circuit to file a second or successive § 2255 petition.  Instead of doing so, he filed this petition under § 2241 in the district where he is currently incarcerated.  Construed

6

liberally, his petition does not establish that relief under §2255 is "inadequate" or "ineffective" such that he is entitled to relief under § 2241.

First, Tobias has not asserted a credible claim of actual innocence. See Trenkler, 536 F.3d at 99. To show actual innocence, "petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Gunter v. Maloney, 291 F.3d 74, 83 (1st Cir. 2002) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). Actual innocence requires "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). Although Tobias avers that he is actually innocent, he has proffered no facts or evidence to support the claim. See House v. Bell, 547 U.S. 518, 537 (2006) (stating that a credible claim of actual innocence "requires new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial") (internal quotation marks omitted).

Second, Tobias has not alleged that, based on a new statutory interpretation by the Supreme Court, he is no longer guilty of the crime of conviction. See Sustache-Rivera, 221 F.3d at 16. His reliance on Burrage, 571 U.S. 204, is misplaced. Burrage does not apply in the instant matter because it did not change the settled law applicable to Tobias's case.

7

In that case, the Supreme Court found that "but for" causation is required in order to apply the "death-results" sentencing enhancement under 21 U.S.C. § 841(b)(1)(C). See Burrage, 571 U.S. at 218-19. As Tobias recognizes in the petition, his sentence was enhanced based upon the quantity of drugs attributed to him, not because of death or serious bodily injury.[1]

Tobias's remaining claims could have been asserted in his direct appeal or in his first § 2255 motion. Where, as here, the petitioner missed an opportunity to present a claim in a prior § 2255 motion, any "ineffectiveness" of the § 2255 process "is due to him and not to § 2255." Barrett, 178 F.3d at 53.

In sum, Tobias has failed to show that the configuration of § 2255 has denied him any opportunity for judicial rectification as to his claims challenging the validity of his conviction and sentence. Accordingly, the court lacks jurisdiction pursuant to the savings clause of § 2255(e) to provide relief to Tobias under § 2241.

---

[1] To the extent Tobias argues that his sentence was imposed in violation of the principles announced in Alleyne, 570 U.S. 99, it suffices to note that Alleyne does not apply retroactively to cases on collateral review. See Butterworth v. United States, 775 F.3d 459, 468 (1st Cir. 2015); see also Nascimento v. United States, No. 13-CV-385-LM, 2015 WL 1013899, at *3 (D.N.H. Mar. 9, 2015) (holding that the court lacked jurisdiction to entertain a § 2241 petition based on Alleyne), aff'd, No. 15-1357 (1st Cir. June 23, 2015); Williams v. Spaulding, No. 18-CV-11554-KAR, 2019 WL 2107275, at *6 (D. Mass. May 14, 2019) (same).

## IV.  CONCLUSION

For the foregoing reasons, the district judge should dismiss Tobias's § 2241 petition (Doc. No. 1) for lack of savings clause jurisdiction, without prejudice to Tobias's ability to seek permission in the Eleventh Circuit to file a successive § 2255 motion in the Middle District of Florida. Furthermore, because Tobias did not make a "substantial showing of the denial of a constitutional right," the district judge should decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The 14-day period may be extended upon motion. Failure to file a specific written objection to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 4, 2020

cc:  Luis Tobias, pro se